IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

\*

UNITED STATES OF AMERICA

v.                                                                               No. CCB-18-00289

\*

Rody Linwood Bowden

\*

\* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION TO WITHDRAW GUILTY PLEA

Comes now the Defendant herein, Rody Linwood Bowden, and in order to vindicate his rights as guaranteed by the Fifth and Sixth amendment, motions this court to withdraw his plea, and in support thereof does state as folows:

Mr. Bowden entered a guilty plea before this Court on May 7, 2019. When offered the plea which he then accepted he only recently had been confronted by the potential for a life sentence in this matter, and was inordinately and unreasonably pressured into acceptance thereof by his counsel. This confluence of circumstances therefore renders his plea involuntary and his counsel ineffective, and accordingly he should be permitted to withdraw his plea.

It is plain that F.R.Cr.P. 11(d)(2)(B) allows a defendant to withdraw a guilty plea in advance of sentencing for "fair and just" reasons. See United States v. Nicholson, 676 F. 376, 383 (4th Cir. 2012). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis on which to have his plea withdrawn." Id. at 384. Although the burden is on the defendant, this standard must be construed liberally in order to vindicate See important constitutional issues implicated by any

1

question about the voluntariness of a plea. See United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2007).

Mr. Bowden contends that, in light of his incapacity at the time he entered the plea, predicated upon the stress placed upon him as described supra, there was not, nor could there have been under any circumstances, a "properly conducted" guilty plea proceeding, as the incidence of the described stress vitiated any measure of voluntariness on his part.

The Fourth Circuit has described a six-prong test regarding the analysis of whether a criminal defendant may withdraw a guilty plea which is not inconsistent with this reasoning. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 2001).

(1) "Whether the defendant has offered credible evidence that his plea was not knowing or not voluntary." Mr. Bowden has met each half of this prong, in his contention that (1) he did not have adequate time, at the point of the plea being presented to him and accepted, to understand and process the plea offer, as he was under the influence of a hallucinogenic and in a mind altered state.

In the instant case, Bowden's affirmative, on the record statement that he had taken drugs the night before his change of plea hearing called into question his ability to make an intelligent and competent waiver of his constitutional rights by entering a guilty plea. As Bowden was under the influence of drugs at the time he entered his guilty plea, his understanding of the nature and consequences of his plea could well have been undermined. United States v. Sanders, 373 U.S. 1, 19-20, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963).

Rule 11 counsels a district court to make further inquiry into a defendant's competence to enter a guilty plea once the court has been informed that the defendant has recently ingested drugs or other

substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights. This result furthers the dual purposes of Rule 11.

In the instant case, Bowden was personally interrogated and engaged in an extensive colloquy by the district court. However, once the court was informed of Bowden's recent drug use, its failure to pursue the issue of Bowden's state of mind through further questioning precludes a finding that Bowden voluntarily and knowingly entered a plea of guilty. Cf. McCarthy, 394 U.S. at 467, 89 S.Ct. at 1171. However, Bowden's Motion presents a more fundamental question. The gist of Bowden's argument is that his assertion that he had ingested drugs the night before his change of plea hearing raised a genuine substantial issue as to his understanding of the nature and consequences of the Rule 11 proceeding, an issue that was never addressed or resolved as required by Rule 11 Moreover, assuming that the court did take note of Bowden's assertion at the Rule 11 proceeding of recent drug use, it failed to make a factual finding either that Bowden ingested no drugs or that his ingestion of drugs did not impair his understanding or judgment at the time of his plea and (2) the plea was the result of pressure inappropriately applied by his counsel, Jennifer Smith and Gary Procter, Esq., to induce his acceptance and acquiescence.

(2) "Whether the defendant has credibly asserted his legal innocence." This is immaterial to the analysis of whether his plea was the result of inappropriate pressure. Mr. Bowden contention is that he remains as innocent as his plea of not guilty rendered him one year ago, during the arraignment on the indictment on May 16, 2018. See ECF 19 (plea of not guilty entered to each count).

(3) "Whether there has been a delay between the entering of the plea and the filing of the motion." Mr. Bowden first asserted this contention when it became apparent to him, during a May, 2019 legal visit. He further asserts that he only has been able to file this motion formally at this point, in that it contends

directly with conduct of and services provided by his counsel, and therefore is a direct consequence of issues related to the representation of his counsel.

As. It stands, Defendant's attorney is not in a position to advise him any further with regard to a possible motion to withdraw his "plea". Defendant and his attorney have an inherent conflict of interest. Defendant's attorney ethically cannot argue his own ineffectiveness, he cannot investigate or seek to identify grounds to challenge his effectiveness in representing Defendant. See United States v. Blackledge, 751 F.3d representing (4th Cir. 2014)("Indeed, we recently recognized in the context of federal habeas proceedings that 'a clear conflict Of interest exists in requiring ...counsel to identify and investigate potential errors that they themselves may have made ...' Gray v. Pearson, 526 Fed. Appx. 331, 334 (4th Cir. 2013). This conflict exists irrespective of whether the attorney is ultimately found to have erred. See id. at 334-35.").

(4) It is axiomatic that a defendant is entitled to counsel at all "critical stages" of the prosecution. Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012). It is equally axiomatic that when counsel is laboring under a conflict, he cannot be effective. Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001).

When counsel is under an actual conflict of interest, it can lead to the grant of habeas relief. United States v. Stitt, 441 F.3d 297, 305 (4th Cir. 2006). Consideration is warranted here to correct errors underlying the plea proceedings which could impact future collateral proceedings. Specifically, there is no true adversarial process that exists between Defendant's attorney and the Government. Since counsel's appearance both Mr. Proctor and Ms. Smith have made clear through their words to defendant and their actions or lack thereof that the only resolution to this case would be to have the defendant plead guilty and accept whatever sentence the government offers, as such Defendant has no confidence in his attorney's performance.

(5) "Whether defendant has had close assistance of competent counsel." Mr. Bowden has met this prong, in that he asserts his counsel pressured him into entering the guilty plea which he did not desire,

4

which conduct renders the assistance by his counsel other than competent. By contrast, Mr. Bowden would submit that his counsel, having been made aware of his desire, discussed same with him and now has undertaken to effectuate this desire by the filing of the instant Motion. Mr. Bowden would further note that he has no legal training or expertise, meaning that he could not file his Motion, except through counsel whose performance with which he took issue

(6) "Whether withdrawal will cause prejudice to the government." Mr. Bowden asserts that this is immaterial, when weighed against the significant constitutional issues implicated by the instant Motion. That being said, the government would be able to raise such a claim every time a defendant seeks to go to trial, which would create the same sort of prejudice which will accrue as a result of the granting of the instant Motion. See United States v. Williams, Criminal Case No. RDB-160165 [ECF 181-3] (August 8, 2017)(In deciding a Motion to Withdraw a Guilty Plea The Honorable Richard D. Bennett stated: "I recognize that the Government is always displeased. I've never I don't think I've ever had a case on the bench where the Government has agreed somebody can withdraw their guilty plea.")

(7) Mr. Bowden's untimely acceptance of the plea creates an issue of enforcement. Mr. Bowden asserts that the terms of the plea agreement were quite explicit and unambiguous and called for a show of acceptance by Mr. Bowden's signature by April 12, 2019, otherwise it would be deemed withdrawn. However, Mr. Bowden did not sign the plea until April 15, 2019, in clear violation of the express terms of the plea offer. Thus, the contract between the Government and Mr. Bowden should be null and void. See Hartman v. Blankenship, 825 F.2d at 26 (4th Cir. 1997)("The Court noted that a plea bargain is like a contract, and like a contract there was a strong reluctance to allow parole evidence to explain or vary an otherwise unambiguous writing.")

5

(8) Defendant asks that this Court take Judicial Notice of the descriptions and effects of K2. See (Cunningham v. Scilana 259 F.3d 303, 304 (4th Cir. 2001)(relying on a PhysicianPhysician's Desk Reference pharmaceutical description...) See exhibit 1 attached hereto.

Mr. Bowden respectfully submits that taken in sum, fundamental fairness requires that he be permitted to withdraw his plea and go to trial.

Respectfully submitted,

May 24 2019 /s/

Rody Linwood Bowden #1865155

Chesapeake Detention Facility

401 East Madison Street

Baltimore, Maryland 21202